UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

HUGHES HUBBARD & REED LLP
Mana Ameri (172572015)
Dustin P. Smith (Admitted Pro Hac Vice)
Elizabeth A. Beitler (Admitted Pro Hac Vice)
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Email: mana.ameri@hugheshubbard.com
dustin.smith@hugheshubbard.com
elizabeth.beitler@hugheshubbard.com
Counsel for Plaintiff Skatteforvaltningen

In Re:

  MATTHEW TUCCI,

               Debtor

SKATTEFORVALTNINGEN,     Plaintiff

v.

MATTHEW TUCCI,     Defendant

| | |
|---|---|
| Order Filed on January 28, 2026 by Clerk U.S. Bankruptcy Court District of New Jersey | |
| Case No.: | 24-17381(MEH) |
| Chapter: | 7 |
| Adv. Pro. No: | 24-01604 |
| Judge: | MEH |

---

### STIPULATION AND CONSENT ORDER

---

The relief set forth on the following pages, numbered one (1) through ten (10), is **ORDERED**.

**DATED: January 28, 2026**

Honorable Mark E. Hall
United States Bankruptcy Judge

| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>HUGHES HUBBARD & REED LLP<br>Mana Ameri (172572015)<br>Dustin P. Smith (Admitted Pro Hac Vice)<br>Elizabeth A. Beitler (Admitted Pro Hac Vice)<br>One Battery Park Plaza<br>New York, New York 10004<br>Telephone: (212) 837-6000<br>Email: mana.ameri@hugheshubbard.com<br>          dustin.smith@hugheshubbard.com<br>          elizabeth.beitler@hugheshubbard.com<br>*Counsel for Plaintiff Skatteforvaltningen* | |
| In re:<br><br> MATTHEW TUCCI,<br><br>                    Debtor. | Case No.:       24-17381 (MEH)<br><br>Chapter:            7 |
| SKATTEFORVALTNINGEN,<br><br>                    Plaintiff,<br><br>v.<br><br>MATTHEW TUCCI,<br><br>                    Defendant. | Adv. Pro. No.:   24-01604 (MEH)<br><br>Judge:        Mark E. Hall |

## <u>STIPULATION AND CONSENT ORDER</u>

This Stipulation and Consent Order (the "<u>Stipulation</u>") is made by and by and between Skatteforvaltningen ("<u>SKAT</u>") and Matthew Tucci ("<u>Tucci</u>" or the "<u>Debtor</u>," and together with SKAT, the "<u>Parties</u>"), to resolve SKAT's claims against Tucci in connection with the above-captioned proceeding.

1

WHEREAS, SKAT commenced twenty-seven (27) actions against Tucci and the Tucci Plans[1] in the United States District Court for the District of New Jersey (these actions, listed in Appendix A, the "Tucci Actions");[2]

WHEREAS, of SKAT's claims in the Tucci Actions arise from the submission of fraudulent dividend withholding tax refund requests by the Tucci Plans ("Tucci Plans Refund Requests") and payments SKAT made in reliance on the Tucci Plans Refund Requests ("Tucci Plans Refund Payments");

WHEREAS, on July 25, 2024, Tucci filed a petition for relief under Chapter 7 of the United States Code in the United States Bankruptcy Court for the District of New Jersey (the "Tucci Bankruptcy");

WHEREAS, on October 21, 2024, SKAT commenced the above-captioned adversary proceeding against Tucci, asserting that Tucci's liability to SKAT stemming from the dividend withholding fraud, as alleged in the Tucci Actions, was nondischargeable pursuant to section 523 of the Bankruptcy Code (the "Tucci Non-Dischargeablity Action");

WHEREAS, on December 6, 2024, SKAT filed a proof of claim against Tucci asserting general unsecured claims based on the Tucci Actions (the "SKAT Bankruptcy Claim");

---

[1] The "Tucci Plans" are FiftyEightSixty LLC Solo 401K Plan, OneZeroFive LLC Solo 401K Plan, The Beech Tree Partners 401K Plan, The Blackbird 401K Plan, The Cardinal Consulting Pension Plan, The Chambers Property Management LLC 401K Plan, The Crow Associates Pension Plan, The Egret Associates LLC 401K Plan, The Everything Clean LLC 401K Plan, The Hawk Group Pension Plan, The Heron Advisors Pension Plan, The Hibiscus Partners LLC 401K Plan, The Hoboken Advisors LLC 401K Plan, The Jayfran Blue Pension Plan, The JT Health Consulting LLC 401K Plan, The Jump Group LLC 401K Plan, The Lakeview Advisors 401K Plan, The Maple Advisors LLC 401K Plan, The Oaks Group Pension Plan, The Osprey Assocs. LLC 401K Plan, The Robin Daniel Pension Plan, The Sandpiper Pension Plan, The Sea Bright Advisors LLC 401K Plan, The Tag Realty Advisors LLC 401K Plan, The Throckmorton Advisors 401K Plan, The Wave Maven LLC 401K Plan, and The Zen Training LLC 401K Plan.

[2] The "Tucci Actions" were transferred to the United States District Court for the Southern District of New York and Consolidated with 150 other lawsuits commenced by SKAT in the multi-district litigation captioned *In Re Customs and Tax Administration of the Kingdom of Denmark Tax Refund Scheme Litigation,* 18-md-2865-LAK (the "MDL")

WHEREAS, in the interest of avoiding the burden and expense of further litigating their dispute, the Parties now desire to settle and resolve any and all controversies between them in the Tucci Non-Dischargeablity Action without further litigation;

WHEREAS, SKAT is not a criminal law enforcement agency, that by this Stipulation SKAT does not undertake to cause any action or inaction by any criminal law enforcement agency, including the Danish Public Prosecutor for Special Crime, and SKAT has no binding authority on any criminal law enforcement agency;

NOW, THEREFORE, in consideration of the promises, covenants, understandings, obligations, agreements, waivers and releases and other considerations contained herein, the Parties hereto agree as follows:

1. Effective Date: This Stipulation shall become effective on the date on which this Stipulation is so ordered by the Bankruptcy Court (such date, the "Effective Date").

2. Non-Dischargeable Debt: Tucci agrees that his liability to SKAT stemming from the dividend withholding fraud, as alleged in the Tucci Actions, is nondischargeable pursuant to section 523 of the Bankruptcy Code.  Tucci further agrees that he will not challenge the non-dischargeablity of his liability as alleged in the Tucci Action in the Tucci Bankruptcy, or in any future bankruptcy, litigation, or other proceedings.

3. Consent Judgments: Simultaneously with the execution of this Stipulation, Tucci shall execute, through his respective counsel or agent, the consent judgment attached as Appendix B (the "Consent Judgment"), which shall be held in escrow by SKAT's counsel.  Tucci agrees that he shall execute any additional consent judgments against Tucci or the Tucci Plans requested by SKAT after the Effective Date of the Agreement to give effect to the purposes of this Stipulation, *provided that* the amount of each such additional consent judgments shall not exceed nine million,

four hundred and thirty-five thousand, thirty dollars and ten cents ($9,435,030.10) for any individual or entitiy.  On the Effective Date, the Consent Judgment shall be deemed released from escrow, and within fourteen (14) business days, SKAT shall file the Consent Judgment in the MDL for approval and entry.

4.      Satisfaction of the Consent Judgment: Tucci agrees to pay to SKAT annually the following amounts based on Tucci's annual gross income (as defined in 26 U.S.C. § 61)[3] for the preceding calendar year: (i) for years in which Tucci's gross income is between $120,000.00 and $184,999.99, ten percent (10%) of all gross income; (ii) for years in which Tucci's gross income is between $185,000.00 and $259,999.99, fifteen percent (15%) of all gross income; and (iii) for years in which Tucci's gross income is above $260,000.00, twenty percent (20%) of all gross income (collectively,  the "Income-Based Payments").  The first Income-Based Payment shall be paid to SKAT on October 1, 2027.  Each subsequent Income-Based Payment shall be paid to SKAT on October 1 of each year until the entire amount of the Consent Judgment is paid in full.  For the avoidance of doubt, to the extent Tucci's gross annual income is less than $120,000.00 in any given calendar year, Tucci shall not be obligated to pay SKAT an Income-Based Payment on October 1 of the following year.  Tucci further agrees that Tucci's obligations to make the Income Based Payments shall not be subject to any reduction, set off, defense, or counterclaim for any reason whatsoever, and are absolute and unconditional.

5.      Proof of Income: Tucci shall provide to SKAT on an annual basis documentation sufficient to establish his gross income.  Such documentation shall include (i) an affidavit stating

---

[3]   For the avoidance of doubt, Tucci's gross income shall include any gross income for any entity Tucci controls or for which he otherwise owns a controlling interest, for the previous year, including salary, bonuses, commissions, capital gains, and any other forms of income (including, but not limited to, inheritances, gifts, lottery winnings, gambling winnings, and the receipt of any other assets) and any income he otherwise derives from any entity in which he has an interest.

5

Tucci's gross income, as well as the gross income for any entity Tucci controls or for which he otherwise owns a controlling interest, for the previous year, including salary, bonuses, commissions, capital gains, and any other forms of income (including, but not limited to, inheritances, gifts, lottery winnings, gambling winnings, and the receipt of any other assets); (ii) Tucci's tax filings for the previous year and the tax filings of any entity Tucci controls or for which he otherwise owns a controlling interest; and (iii) upon request by SKAT, the most recent account statements, plus account statements for the previous year, for all of Tucci's saving, checking, digital asset, and investment accounts and for the saving, checking, digital asset, and investment accounts of any entity Tucci controls or for which he otherwise owns a controlling interest.  Tucci shall provide to SKAT the documentation referenced in this Paragraph by October 1 of each year, with the first disclosure being made on October 1, 2027.  To the extent Tucci seeks an extension to file his taxes in any given year, Tucci shall provide to SKAT by May 1 of any such year documentation and information equivalent to that reflected in tax filings and provide to SKAT the late tax filings once submitted.  Tucci shall also make his best efforts to obtain and provide to SKAT the three categories of documentation described above in this Paragraph for any entity for which he owns other than a controlling interest.  Tucci shall provide to SKAT this documentation or proof of his efforts to obtain it by October 1 of each year, with the first disclosure being made on October 1, 2027.

6.      Wire Instructions: Unless otherwise instructed by SKAT, Tucci shall make payment of the Income-Based Payments by wire pursuant to the following wire instructions:

| | |
|---|---|
| Bank: | Nordea Bank Denmark A/S |
| IBAN: | DK8320008011707786 |
| SWIFT/BIC: | NDEADKKK |
| Account Name: | Poul Schmith/Kammeradvokaten |

Reference:        7514394/Tucci

7.      <u>Allowance of Bankruptcy Claim</u>: Tucci agrees to support the full allowance of the SKAT Bankruptcy Claim in the Tucci Bankruptcy in an amount not less than $168,527,680.30, and shall not take any actions to oppose or seek the reduction of the SKAT Bankruptcy Claim. Tucci agrees to fully cooperate with SKAT to support the allowance of the SKAT Bankruptcy Claim, including providing any and all documents, information, or testimony upon SKAT's request.

8.      <u>Default</u>:  If Tucci fails to execute the Consent Judgment or any subsequently requested consent judgment, fails to make any Income-Based Payment, opposes the allowance of the SKAT Bankruptcy Claim, or takes any other action inconsistent with this Stipulation, Tucci shall be in default of this Stipulation.  Upon such default, SKAT shall provide Tucci written notice of the default ("<u>Default Notice</u>"), which Default Notice shall be sent via mail and email to: Matthew Tucci, c/o Collins, Vella & Casello, LLC, 2430 Highway 34, B12, Manasquan, NJ 08736. Tucci's failure to cure the default within ten (10) calendar days following the date of email of the Default Notice shall constitute an "<u>Event of Default</u>."  If an Event of Default occurs, Tucci agrees that SKAT may take any and all actions to enforce the entire amount of the Consent Judgment (less any Income Based Payments that may have been made at the time of the Event of Default). If an Event of Default occurs, Tucci agrees to pay SKAT's reasonable costs of enforcing the Consent Judgment, which amount shall be in addition to the amount of the Consent Judgment and shall include reasonable legal and non-legal fees.

9.      <u>Representation on Additional Refund Request and Payments</u>: Separate from the Tucci Plans Refund Requests and the Tucci Plans Refund Payments, Tucci, in both his individual capacity and his capacities as either trustee or authorized representative of the Tucci Plans,

represents that he has no knowledge of any other requests for refunds of dividend withholding tax that the Tucci Plans submitted to SKAT, or that were submitted by agents to SKAT on the Tucci Plans' behalf; nor does he have knowledge of any other payments the Tucci Plans might have received from SKAT, directly or indirectly, or that its agents might have received from SKAT on their behalf.  Tucci acknowledges that SKAT is entering into this Stipulation based on the truth of this representation.  Any statute of limitations, statute of repose, or other time-related defense based on United States federal or state law, or the applicable law of any other jurisdiction (including but not limited to, the doctrines of waiver, laches, acquiescence, or estoppel), which is or may be applicable to such other requests for refunds or payments, is hereby tolled from the Effective Date for five (5) years.  The tolling set forth in this paragraph shall not affect any such time-related defenses available to Tucci or the Tucci Plans prior to the Effective Date and shall not be deemed to revive any claim that is or was already barred prior to the Effective Date.  Tucci and the Tucci Plans reserve any and all other defenses which are or may be applicable to SKAT's claims relating to such other requests for refunds or payments.

10.     Release of Claims: In consideration of the good and valuable consideration as set forth in this Stipulation, Tucci and the Tucci Plans hereby release SKAT from any and all claims, counterclaims, actions, causes of action, awards, orders, judgments, decisions, damages, remedies, interest, expenses and liabilities, of any type, they might have against SKAT, including claims for attorneys' fees and costs.  Each Party hereto shall pay its own costs, expenses and attorneys' fees incurred or to be incurred in connection with this Stipulation.

11.     No Admission: The terms and execution of this Stipulation are not intended to be, nor shall they be construed as, an admission or evidence in any pending or subsequent suit, action, proceeding or dispute of any liability, wrongdoing, or obligation whatsoever (including as to the

merits of any claim or defense) by the Parties to this Stipulation, or to any other person, with respect to any of the matters addressed in this Stipulation. Nothing in this Stipulation, or in any document executed pursuant to or in furtherance of this Stipulation, shall be admissible in any proceeding for any purposes, except to enforce the terms of this Stipulation.

12. Independent Counsel: The Parties recognize and acknowledge that each of the Parties hereto is represented by counsel and received independent legal advice with respect to the advisability of entering into this Stipulation. Each of the Parties acknowledges that the negotiations leading up to this Stipulation were conducted regularly and at arm's length; this Stipulation is made and executed by and of each such Party's own free will; that each knows all of the relevant facts and its rights in connection therewith; and that it has not been improperly influenced or induced to execute this Stipulation as a result of any act or action on the part of any of the other Parties or any employee, agent, attorney, or representative of the other. The Parties further acknowledge that they entered into this Stipulation because of their desire to avoid the further expense and inconvenience of litigation, and to compromise permanently and release the claims and disputes between the Parties by the execution of this Stipulation.

13. Cooperation: Upon request, Tucci agrees to provide reasonable cooperation to SKAT in connection with any other claims or matters related to dividend withholding tax refund payments, including but not limited to (i) providing truthful factual information and copies of any relevant documents in his possession, custody or control, and (ii) providing testimony, upon reasonable notice, at trials, hearings or depositions, or written affidavits. Tucci agrees that he will be solely responsible for all costs, expenses, and fees arising out of Tucci's assistance to SKAT in its pursuit of claims or matters related to dividend withholding tax refund payments. Tucci shall not seek reimbursement from SKAT for any such costs, expenses, or fees.

14. <u>Retention of Jurisdiction:</u> The Bankruptcy Court shall retain jurisdiction to hear and determine disputes regarding the terms of this Stipulation and to enter such orders and judgments as are necessary or appropriate to carry out the provisions of this Stipulation including but not limited to orders interpreting, clarifying or enforcing the provisions.

15. <u>Amendments, Modifications and Waivers:</u> No provision of this Stipulation may be amended, modified or waived unless such amendment, modification or waiver is in writing signed by the Parties hereto.

16. <u>Binding Effect</u>: This Stipulation shall be binding upon and be enforceable against all successors or assignees of each of the Parties hereto.

17. <u>Governing Law</u>: Except to the extent the Bankruptcy Code is applicable, the rights and obligations arising under the Stipulation shall be governed by, and construed and enforced in accordance with, the laws of the State of New York.

18. <u>Entire Agreement</u>: This Stipulation constitutes the entire agreement among these Parties, and no representations, warranties, or inducements have been made to any Party concerning this Stipulation.

19. <u>Counterparts</u>: This Stipulation may be executed in one or more counterparts, and all counterparts shall be deemed to be one and the same written instrument. The Parties shall exchange among them signed, original counterparts to this Stipulation.

20. <u>No Third-Party Beneficiaries</u>: This Stipulation is made for the sole and exclusive benefit of the Parties hereto. The Parties do not intend to benefit any person not a party to this Stipulation.

10

21.    <u>Authority</u>: Tucci represents and warrants that he has the power and authority to execute, deliver and perform the obligations under this Stipulation, including but not limited to the power to execute the Consent Judgment.

[Remainder of page intentionally left blank]

**IN WITNESS WHEREOF**, the Parties have approved and executed this Agreement on the date set forth above.

SIGNED THIS 27 DAY OF JANUARY, 2026.

HUGHES HUBBARD & REED LLP

_____

*Counsel for Skatteforvaltningen*

SIGNED THIS ___ DAY OF JANUARY, 2026.

MATTHEW TUCCI

_____

By: *Matthew Tucci, on behalf of himself and as trustee or authorized representative for the FiftyEightSixty LLC Solo 401K Plan, OneZeroFive LLC Solo 401K Plan, The Beech Tree Partners 401K Plan, The Blackbird 401K Plan, The Cardinal Consulting Pension Plan, The Chambers Property Management LLC 401K Plan, The Crow Associates Pension Plan, The Egret Associates LLC 401K Plan, The Everything Clean LLC 401K Plan, The Hawk Group Pension Plan, The Heron Advisors Pension Plan, The Hibiscus Partners LLC 401K Plan, The Hoboken Advisors LLC 401K Plan, The Jayfran Blue Pension Plan, The JT Health Consulting LLC 401K Plan, The Jump Group LLC 401K Plan, The Lakeview Advisors 401K Plan, The Maple Advisors LLC 401K Plan, The Oaks Group Pension Plan, The Osprey Assocs. LLC 401K Plan, The Robin Daniel Pension Plan, The Sandpiper Pension Plan, The Sea Bright Advisors LLC 401K Plan, The Tag Realty Advisors LLC 401K Plan, The Throckmorton Advisors 401K Plan, The Wave Maven LLC 401K Plan, and The Zen Training LLC 401(K) Plan.*

THIS STIPULATION IS SO
ORDERED THIS ___ DAY OF
_____, 2026.

_____

UNITED STATES BANKRUPTCY JUDGE

**Appendix A: The Tucci Actions**

| Case Name | MDL Docket Number |
|---|---|
| *Skatteforvaltningen v. FiftyEightSixty LLC Solo 401K Plan & Matthew Tucci* | 1:18-cv-10073 |
| *Skatteforvaltningen v. OneZeroFive LLC Solo 401K Plan & Matthew Tucci* | 1:18-cv-10080 |
| *Skatteforvaltningen v. The Beech Tree Partners 401K Plan & Matthew Tucci* | 1:18-cv-10069 |
| *Skatteforvaltningen v. The Blackbird 401K Plan & Matthew Tucci* | 1:18-cv-10070 |
| *Skatteforvaltningen v. The Cardinal Consulting Pension Plan & Matthew Tucci* | 1:18-cv-10028 |
| *Skatteforvaltningen v. The Chambers Property Management LLC 401K Plan & Matthew Tucci* | 1:18-cv-10071 |
| *Skatteforvaltningen v. The Crow Associates Pension Plan & Matthew Tucci* | 1:18-cv-10031 |
| *Skatteforvaltningen v. The Egret Associates LLC 401K Plan & Matthew Tucci* | 1:18-cv-10030 |
| *Skatteforvaltningen v. The Everything Clean LLC 401K Plan & Matthew Tucci* | 1:18-cv-10063 |
| *Skatteforvaltningen v. The Hawk Group Pension Plan & Matthew Tucci* | 1:18-cv-10074 |
| *Skatteforvaltningen v. The Heron Advisors Pension Plan & Matthew Tucci* | 1:18-cv-10032 |
| *Skatteforvaltningen v. The Hibiscus Partners LLC 401K Plan & Matthew Tucci* | 1:18-cv-10076 |
| *Skatteforvaltningen v. The Hoboken Advisors LLC 401K Plan & Matthew Tucci* | 1:18-cv-10035 |
| *Skatteforvaltningen v. The Jayfran Blue Pension Plan & Matthew Tucci* | 1:18-cv-10036 |
| *Skatteforvaltningen v. The JT Health Consulting LLC 401K Plan & Matthew Tucci* | 1:18-cv-10039 |
| *Skatteforvaltningen v. The Jump Group LLC 401K Plan & Matthew Tucci* | 1:18-cv-10064 |
| *Skatteforvaltningen v. The Lakeview Advisors 401K Plan & Matthew Tucci* | 1:18-cv-10049 |
| *Skatteforvaltningen v. The Maple Advisors LLC 401K Plan & Matthew Tucci* | 1:18-cv-10077 |
| *Skatteforvaltningen v. The Oaks Group Pension Plan & Matthew Tucci* | 1:18-cv-10065 |
| *Skatteforvaltningen v. The Osprey Assocs. LLC 401K Plan & Matthew Tucci* | 1:18-cv-10060 |
| *Skatteforvaltningen v. The Robin Daniel Pension Plan & Matthew Tucci* | 1:18-cv-10096 |
| *Skatteforvaltningen v. The Sandpiper Pension Plan & Matthew Tucci* | 1:18-cv-10061 |
| *Skatteforvaltningen v. The Sea Bright Advisors LLC 401K Plan & Matthew Tucci* | 1:18-cv-10082 |
| *Skatteforvaltningen v. The Tag Realty Advisors LLC 401K Plan & Matthew Tucci* | 1:18-cv-10083 |
| *Skatteforvaltningen v. The Throckmorton Advisors 401K Plan & Matthew Tucci* | 1:18-cv-10086 |
| *Skatteforvaltningen v. The Wave Maven LLC 401K Plan & Matthew Tucci* | 1:18-cv-10066 |
| *Skatteforvaltningen v. The Zen Training LLC 401(K) Plan & Matthew Tucci* | 1:18-cv-10062 |

**Appendix B: Consent Judgment**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to case nos.: 18-cv-10073; 18-cv-10080; 18-cv-10069; 18-cv-10070; 18-cv-10028; 18-cv-10071; 18-cv-10031; 18-cv-10030; 18-cv-10063; 18-cv-10074; 18-cv-10032; 18-cv-10076; 18-cv-10035; 18-cv-10036; 18-cv-10039; 18-cv-10064; 18-cv-10049-LAK; 18-cv-10077; 18-cv-10065; 18-cv-10060; 18-cv-10096; 18-cv-10061-LAK; 18-cv-10082; 18-cv-10083; 18-cv-10086; 18-cv-10066; 18-cv-10062. | MASTER DOCKET<br><br>18-md-2865 (LAK) |

**(PROPOSED) CONSENT JUDGMENT**

WHEREAS, plaintiff Skatteforvaltningen ("SKAT") commenced the above-captioned actions (collectively, the "Actions") against defendants Matthew Tucci ("Tucci"), FiftyEightSixty LLC Solo 401K Plan, OneZeroFive LLC Solo 401K Plan, The Beech Tree Partners 401K Plan, The Blackbird 401K Plan, The Cardinal Consulting Pension Plan, The Chambers Property Management LLC 401K Plan, The Crow Associates Pension Plan, The Egret Associates LLC 401K Plan, The Everything Clean LLC 401K Plan, The Hawk Group Pension Plan, The Heron Advisors Pension Plan, The Hibiscus Partners LLC 401K Plan, The Hoboken Advisors LLC 401K Plan, The Jayfran Blue Pension Plan, The JT Health Consulting LLC 401K Plan, The Jump Group LLC 401K Plan, The Lakeview Advisors 401K Plan, The Maple Advisors LLC 401K Plan, The Oaks Group Pension Plan, The Osprey Assocs. LLC 401K Plan, The Robin Daniel Pension Plan, The Sandpiper Pension Plan, The Sea Bright Advisors LLC

2

401K Plan, The Tag Realty Advisors LLC 401K Plan, The Throckmorton Advisors 401K Plan,

The Wave Maven LLC 401K Plan, and The Zen Training LLC 401(K) Plan (collectively, the

"Tucci Plans," and with Tucci, "Defendants") or amended its complaints in these Actions to

assert claims against Defendants;

WHEREAS, SKAT and Defendants now wish to resolve all claims SKAT asserted in the

Actions against Defendants;

NOW THEREFORE, without trial or adjudication of issue of fact or law, and upon

Defendants' consent, the Court finds that there is good and sufficient cause to enter this Consent

Judgment, and that IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

1.  A Stipulation between SKAT and Tucci was entered into on January 27, 2026, that

resolved all claims SKAT asserted in the Actions against Defendants.  In consideration of the

releases and other agreements between SKAT and Defendants in the Stipulation, Defendants

knowingly, voluntarily and intelligently executed this Consent Judgment.

2.  This Consent Judgment is hereby entered in favor of plaintiff SKAT against Defendants,

each in their individual capacity, in the amount of nine million, four hundred and thirty-five

thousand, thirty dollars and ten cents ($9,435,030.10).

3.  Defendants expressly waive any and all defenses, claims, counterclaims, and exemptions

which might otherwise form the basis of objection to entry and enforcement of this Consent

Judgment.

4.   This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of the Consent Judgment, and to adjudicate any and all claims and disputes thereunder.

Dated: New York, New York
       January 27, 2026

By:   */s/ Marc A. Weinstein*
      Marc A. Weinstein
 HUGHES HUBBARD & REED LLP
 One Battery Park Plaza
 New York, New York 10004-1482
 Telephone: (212) 837-6000
 Fax: (212) 422-4726
 marc.weinstein@hugheshubbard.com

*Counsel for Plaintiff Skatteforvaltningen*
*(Customs and Tax Administration of the*
*Kingdom of Denmark)*

By:_____
      Matthew Tucci, on behalf of himself and
 the Tucci Plans

SO ORDERED:

_____
      Lewis A. Kaplan
   United States District Judge

4. This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms

of the Consent Judgment, and to adjudicate any and all claims and disputes thereunder.


Dated: New York, New York
        January __, 2026


By:_____

    Marc A. Weinstein
    HUGHES HUBBARD & REED LLP
    One Battery Park Plaza
    New York, New York 10004-1482
    Telephone: (212) 837-6000
    Fax: (212) 422-4726
    marc.weinstein@hugheshubbard.com

*Counsel for Plaintiff Skatteforvaltningen
(Customs and Tax Administration of the
Kingdom of Denmark)*

By:_____

    Matthew Tucci, on behalf of himself and
    the Tucci Plans


SO ORDERED:


_____
        Lewis A. Kaplan
        United States District Judge